FILED
2007 NOV 28 PM 3:51
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DOUGLAS GILBERT,

Plaintiff,

v.

WATSON LABORATORIES QUALITEST PHARMACEUTICALS, et al.,

Defendants.

CASE NO: 07-CV-2023 W (WMC)

**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS* AND FOR APPOINTMENT OF COUNSEL**

On October 18, 2007, Plaintiff Douglas Gilbert commenced this action against Watson Laboratories Qualitest Pharmaceuticals. Plaintiff now seeks leave to proceed *in forma pauperis* ("IFP") and appointment of counsel. For the reasons outlined below, the Court **DENIES** Plaintiff's requests.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

//

//

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." Id. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Stehouwer v. Hennessey, 851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds*, Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered the papers submitted, the Court finds that based on the current record, Plaintiff has failed to meet the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff's application establishes that he receives a monthly income $1,483. (IFP Mt. at ¶3.) Plaintiff also has $35 in his checking account, and owns an un-financed 1977 Buick Electra. (Id. at ¶¶4, 6.) In contrast, the only debt identified on the application is $1,793.44 owed to Bank of America. (Id. at ¶9.) Plaintiff apparently does not pay rent or

a mortgage, and has failed to identify any other living expenses. Additionally, Plaintiff has no dependents. Based on these facts, Plaintiff has failed to establish that paying the court filing fees would impair his ability to obtain the necessities of life. Adkins, 335 U.S. at 339.

Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* without prejudice [Doc. No. 2], and **DISMISSES** Plaintiff's Complaint without prejudice and with leave to amend. Plaintiff shall have until **December 24, 2007** to reinstate this case by (1) paying the $350 filing fee or submitting an amended IFP application, **and** (2) filing a First Amended Complaint. Plaintiff is advised that failure to meet either of these requirements may cause the termination of his case without further leave to amend. In light of the foregoing, Plaintiff's motion to appoint counsel is **DENIED** as moot [Doc. No. 3.]

**IT IS SO ORDERED.**

**DATE: November 26, 2007**

HON. THOMAS J. WHELAN
United States District Court
Southern District of California