

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS GILBERT, <br><br> Plaintiff, <br><br> v. <br><br> WATSON LABORATORIES, QUALITEST PHARMACEUTICALS, et al., <br><br> Defendants. | CASE NO: 07-CV-2023 W (WMC) <br><br> ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE |

    On October 18, 2007, Plaintiff Douglas Gilbert commenced this action against Watson Laboratories and Qualitest Pharmaceuticals. Along with the Complaint, Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. Because Plaintiff failed to identify any living expenses as part of his IFP motion, the Court denied the motion and dismissed the case. The motion was denied without prejudice, however, in order to give Plaintiff an opportunity to submit an amended IFP motion with the missing information.

    Plaintiff has now filed an amended IFP motion and motion for appointment of counsel. For the reasons outlined below, the Court **GRANTS** the IFP motion, but **DISMISSES THE AMENDED COMPLAINT WITHOUT PREJUDICE**.

## I. IFP MOTION.

The determination of indigency falls within the district court's discretion. <u>California Men's Colony v. Rowland</u>, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed <u>in forma pauperis</u>. <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." <u>Id.</u> at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. <u>See, e.g.</u>, <u>Stehouwer v. Hennessey</u>, 851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds*, <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); <u>Allen v. Kelly</u>, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed <u>in forma pauperis</u>, later required to pay $120 filing fee out of $900 settlement proceeds); <u>Ali v. Cuyler</u>, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (<u>in forma pauperis</u> application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." <u>United States v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered the papers submitted, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff's application establishes that he receives a monthly income $1,483. (IFP Mt. at ¶3.) Plaintiff also has $35 in his checking account, and owns an un-financed 1977 Buick Electra. (Id. at ¶¶4, 6.) In terms of expenses, Plaintiff identifies approximately $700 in monthly living expenses, which does not include costs for medications, insurance, etc.... (Id., Attachment.) Based on these facts, the Court finds that Plaintiff is entitled to proceed IFP.

## II. SUBJECT-MATTER JURISDICTION.

District courts are under a continuing duty to establish their own subject-matter jurisdiction and are obliged to inquire *sua sponte* whenever a doubt arises as to its existence. See Fed. R. Civ. P. 12(h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983); Arbaugh v. Y&H Corp., 126 S.Ct. 1235, 1240 (2006). Lack of jurisdiction is presumed until the party asserting jurisdiction proves otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Bradbury v. Dennis, 310 F.2d 73, 74 (10th Cir.1962) ("We start with the presumption against diversity jurisdiction, and the burden is and always has been upon the one asserting it to affirmatively sustain it."). Whether subject-matter jurisdiction exists is a question of law for the court. Nike Inc. v. Commercial Iberica de Exclusions Deportivas, 20 F.3d 987, 990 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(1) requires each pleading to include "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed.R.Civ.P. 8(a)(1). Plaintiff's Complaint appears to assert a state-based claim for personal injury arising out of his use of the medication prednisone. There are no allegations, however, relating to the Court's jurisdiction. Accordingly, the Complaint does not comply with Rule 8(a)(1) and must be dismissed.

III. <u>CONCLUSION & ORDER.</u>

For the reasons addressed above, the Court **GRANTS** Plaintiff's motion to proceed IFP [Doc. No. 6], but **DISMISSES THE CASE WITHOUT PREJUDICE**. If Plaintiff wants to continue to pursue this case in federal court, he must file a "Second Amended Complaint" on or before <u>February 8, 2008</u> that includes a "short and plaint statement of the grounds for the court's jurisdiction."

In light of the Court's dismissal, Plaintiff's motion for appointment of counsel [Doc. No. 7] is **DENIED** as moot.

**IT IS SO ORDERED.**

DATE: January 10, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California