BERNARD R. LAFER, ESQ. SBN 122645
7801 Mission Center Court
Suite 430
San Diego, CA 92108-1316
Tel: (619) 298-1969
Fax: (619) 298-7784

Attorney for Plaintiff DOUGLAS E. GILBERT

FILED
08 FEB -7 PM 4:13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
CP DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>WATSON LABORATORIES, a California corporation; QUALITEST PHARMACEUTICALS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 07CV2023W(WMc)<br><br>SECOND AMENDED COMPLAINT |

Plaintiff DOUGLAS E. GILBERT alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction and venue are properly laid in this Court under 28 U.S.C. §1331, and the Food, Drug, and Cosmetic Act, 21 U.S.C. §301, et. seq. The events complained of herein took place in this judicial district.

**THE PARTIES**

2. Plaintiff DOUGLAS E. GILBERT is, and at all relevant times mentioned herein was, a citizen of San Diego County,



CR

California.

3. Plaintiff is informed and believes, and based thereon alleges that Defendant WATSON LABORATORIES, INC., (WATSON) is a corporation, duly organized and existing in the State of California, and is doing business in the San Diego County, State of California. Plaintiff is further informed and believes, and based thereon alleges that the prescription medicine he was prescribed and took, specifically Prednisone, was manufactured and distributed by WATSON.

4. Plaintiff is informed and believes, and based thereon alleges that Defendant QUALITEST PHARMACEUTICALS, INC., (QUALITEST) is a corporation, duly organized and existing in the State of Alabama, and is doing business in San Diego County, State of California. Plaintiff is further informed and believes, and based thereon alleges that the prescription medicine he was prescribed and took, specifically Prednisone, was manufactured and distributed by QUALITEST.

**PRELIMINARY ALLEGATIONS**

5. Beginning in or during July 2002, and continuing until in or during late 2005, Plaintiff was prescribed the drug Prednisone by various physicians in San Diego County, California to alleviate various sinus related conditions, and for other related purposes.

6. Plaintiff is informed and believes, and based thereon alleges that the Prednisone he ingested in strict accordance with his physicians' instructions was formulated, manufactured, and distributed by Defendants, and each of them.

7. In or during 2005, Plaintiff began experiencing pain

in his hips. Plaintiff was diagnosed with avascular necrosis of the hip on or about October 19, 2005. Plaintiff is informed and believes, and based thereon alleges that his ingestion of Prednisone, formulated, manufactured, and distributed by Defendants, and each of them, was the direct and proximate cause of his injuries, including, but not limited to avascular necrosis of the hip.

**FIRST CLAIM FOR RELIEF**

**(Strict Products Liability - Against All Defendants)**

8. Plaintiff refers to and realleges Paragraphs 1 through 7 of this Second Amended Complaint, and incorporates the same by reference as though fully set forth herein.

9. Plaintiff is informed and believes, and based thereon alleges that at all relevant times mentioned herein, Defendants and each of them, were in the business of formulating, manufacturing, selling, and distributing the prescription drug Prednisone.

10. Plaintiff is informed and believes, and based thereon alleges that he was using the prescription drug Prednisone, prescribed by his physicians, in strict accordance to said physicians' instructions, and was using it in a reasonably foreseeable manner.

11. Plaintiff is informed and believes, and based thereon alleges that at all relevant times mentioned herein, the subject medication, Prednisone, was defective in formulation, testing, manufacture, distribution, and that the warnings and instructions, if any at all, were defective and inadequate in that said instructions failed to warn the end

user of Prednisone of the long term effect of its usage, including, but not limited to bone loss, and bone disease.

12. Plaintiff is further informed and believes, and based thereon alleges that Defendants, and each of them, had actual knowledge of the facts, and did nothing.

13. As a direct and proximate result, said injuries have resulted in compensatory damages in an amount presently unknown, but according to proof at trial.

14. As further direct and proximate result, said injuries to Plaintiff have resulted in medical, hospital, and related expenses, in an amount presently unknown, but according to proof at trial.

15. As a further direct and proximate result, said injuries to Plaintiff have resulted in lost wages to Plaintiff, in an amount presently unknown, but according to proof at trial.

16. When the subject drug was formulated, tested, manufactured, and distributed, Defendants, and each of them, and their managing agents, knew or should have known of the deleterious long term effects of Prednisone usage. Such conduct by Defendants, and each of them, and their managing agents, placing profits over consumer's safety, particularly considering the grave harm that results from long term Prednisone usage, is despicable, and in conscious and willful disregard for Plaintiff's rights and safety. Plaintiff alleges that Defendants, and each of them, and their managing agents have concealed, ordered concealed, and/or ratified the concealment of the long-term effects of Prednisone. The acts

of Defendants, and each of them, and their managing agents conduct, as described above, are fraudulent, oppressive, and malicious, and warrant punitive and exemplary damages in an amount sufficient to punish and deter.

**SECOND CLAIM FOR RELIEF**

**(Negligence - Against All Defendants)**

17. Plaintiff refers to and realleges Paragraphs 1 through 16 of this Second Amended Complaint, and incorporates the same by reference as though fully set forth at length herein.

18. Plaintiff is informed and believes, and based thereon alleges that at all relevant times mentioned herein, Defendants, and each of them, were engaged in the business of formulating, testing, manufacturing, and distributing Prednisone, and other drugs for sale to the general public, in the County of San Diego, California, and in other jurisdictions.

19. Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, had a duty to formulate, test, manufacture, distribute, and warn consumers that the Prednisone was free from defects, to warn of the precise nature of the long-term use of said drug, and that the use of said drug was reasonably safe.

20. Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, knew, or in the exercise of reasonable care, should have known that the subject drug, and its components had deleterious and dangerous effects from long-term use.

21. Plaintiff is informed and believes, and based thereon alleges that at all relevant times mentioned herein, Defendants, and each of them, negligent, carelessly, and/or recklessly formulated, tested, manufactured, distributed, and/or failed to warn of the deleterious and dangerous effects from the long-term use of Prednisone.

22. As a direct and proximate result, said injuries have resulted in compensatory damages in an amount presently unknown, but according to proof at trial.

23. As further direct and proximate result, said injuries to Plaintiff have resulted in medical, hospital, and related expenses, in an amount presently unknown, but according to proof at trial.

24. As a further direct and proximate result, said injuries to Plaintiff have resulted in lost wages to Plaintiff, in an amount presently unknown, but according to proof at trial.

**THIRD CLAIM FOR RELIEF**

**(Breach of Express and/or Implied Warranties - Against All Defendants)**

25. Plaintiff refers to and realleges Paragraphs 1 through 24 of this Second Amended Complaint, and incorporates the same by reference as though fully set forth at length herein.

25. Plaintiff is informed and believes, and based thereon alleges that at all relevant times mentioned herein, Defendants, and each of them, had expressly and/or impliedly warranted to Plaintiff that Prednisone was safe for long-term

use.

26. Plaintiff is informed and believes, and based thereon alleges that at all relevant times mentioned herein, Defendants, and each of them, breached the above-described express and/or implied warranties in that Prednisone was not safe for long-term use.

27. As a direct and proximate result, said injuries have resulted in compensatory damages in an amount presently unknown, but according to proof at trial.

28. As further direct and proximate result, said injuries to Plaintiff have resulted in medical, hospital, and related expenses, in an amount presently unknown, but according to proof at trial.

29. As a further direct and proximate result, said injuries to Plaintiff have resulted in lost wages, and will so result in the future, in an amount presently unknown, but according to proof at trial.

30. When the subject drug was formulated, tested, manufactured, and distributed, Defendants, and each of them, and their managing agents, knew or should have known of the deleterious long term effects of Prednisone usage. Such conduct by Defendants, and each of them, and their managing agents, placing profits over consumer's safety, particularly considering the grave harm that results from long term Prednisone usage, is despicable, and in conscious and willful disregard for Plaintiff's rights and safety. Plaintiff alleges that Defendants, and each of them, and their managing agents have concealed, ordered concealed, and/or ratified the

concealment of the long-term effects of Prednisone. The conduct of Defendants, and each of them, and their managing agents, as described above, is fraudulent, oppressive, and malicious, and warrants punitive and exemplary damages in an amount sufficient to punish and deter.

WHEREFORE, Plaintiff prays judgment as follows:

For the First Claim for Relief

1. For compensatory damages in an amount according to proof at trial;

2. For medical, hospital, and related losses, in an amount according to proof at trial;

3. For loss of wages in an amount according to proof at trial;

4. For punitive and exemplary damages sufficient to punish and deter.

For the Second Claim for Relief

1. For compensatory damages in an amount according to proof at trial;

2. For medical, hospital, and related losses, in an amount according to proof at trial;

3. For loss of wages in an amount according to proof at trial;

For the Third Claim for Relief

1. For compensatory damages in an amount according to proof at trial;

2. For medical, hospital, and related losses, in an amount according to proof at trial;

3. For loss of wages in an amount according to proof at

trial;

4. For punitive and exemplary damages sufficient to punish and deter.

For All Claims for Relief

1. For costs of suit herein; and

2. For such other and further relief as the Court may deem just and proper.

Dated: February 7, 2008

BERNARD R. LAFER
Attorney for Plaintiff
DOUGLAS E. GILBERT