Carolyn Taylor, Esq. (SBN 159347)
Ctaylor@mpplaw.com
Michael J. Hurvitz, SBN 249050
Mhurvitz@mpplaw.com
MORRIS POLICH & PURDY, LLP
501 West Broadway, Suite 500
San Diego, California 92101-3544
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

Attorneys for Defendant Qualitest Pharmaceuticals, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS E. GILBERT,<br><br>Plaintiff,<br>v.<br><br>WATSON LABORATORIES, a California Corporation; QUALITEST PHARMACEUTICALS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 07CV2023W (WMc)<br><br>**DEFENDANT QUALITEST PHARMACEUTICALS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6j); AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[No Oral Argument pursuant to Local Rule 7.1.(d)(l)]**<br><br>**Date: September 8, 2008**<br>**Time: 10:30 A.M.**<br>**Ctrm: 7, Third Floor**<br>**Hon.: Judge Thomas J. Whelan** |

PLEASE TAKE NOTICE that Defendant QUALITEST PHARMACEUTICALS, INC. ("Qualitest") will move the court to grant its Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) against Plaintiff Douglas E. Gilbert based on the statute of limitations and failure to state cognizable claims. There will be no oral argument pursuant to Local Rule 7.1(d)(1).

This Motion will be made on the grounds that Plaintiff has failed to file a timely action based on strict liability, negligence, breach of express warranty and breach of implied warranty. In addition, no privity exists between a manufacturer and a patient in order to support a breach of implied warranty claim. Finally, Plaintiff has failed to state a proper claim for strict liability, negligence or breach of

warranties. For these reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

This Motion will based upon this Notice, the Memorandum of Points and Authorities, the Reply Brief, the court file, the arguments of counsel, and any other matters deemed relevant to a determination of this Motion.

Dated: July 30, 2008

MORRIS, POLICH & PURDY LLP

s/ Michael J. Hurvitz
Carolyn Taylor
Mike Hurvitz
Attorneys for Defendant,
Qualitest Pharmaceuticals, Inc.
Email: Ctaylor@mpplaw.com

SD020921.DOC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff filed his original pro se handwritten Complaint on October 18, 2007, which consisted of one paragraph alleging that he wanted to hold the manufacturers responsible for his medical problems allegedly associated with taking the prescription drug Prednisone. *See* Original Complaint. Plaintiff failed to allege facts to support his general request and failed to identify any causes of action. On December 21, 2007, Plaintiff filed a pro se handwritten Amended Complaint consisting of only one paragraph. Plaintiff alleged that he did not believe the manufacturers provided an adequate warning that taking Prednisone could cause avascular necrosis. *See* Amended Complaint. Thereafter, on February 7, 2008, Plaintiff, by counsel, filed a Second Amended Complaint naming for the first time, four causes of action: strict product liability, negligent product liability, breach of express warranty, and breach of implied warranty.

## II. ARGUMENT

### A. Motion To Dismiss Standard.

Fed. R Civ. P. 12 (b)(6) ("Rule 12 (b)(6)") permits dismissal of a claim for failure to plead a cognizable legal theory, or where plaintiff alleges insufficient facts to support his theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696,699 (9th Cir. 1990). In considering a Rule 12 (b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not sufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

Dismissal for failure to state a claim upon which relief can be granted is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation. *See N. Star Int'l v. Ariz. Corp. Comm 'n,* 720 F.2d 578, 583 (9th Cir. 1983). Here, the Court should dismiss all of plaintiffs claims.

///

///

**B. Plaintiff's Second Amended Complaint Does Not Relate Back To The Original Complaint or To The First Amended Complaint.**

Fed. R. Civ. P. 15 governs whether the amended complaints relate back to the originally filed complaint, thus barring application of the statute of limitations. *Percy v. San Francisco General Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988). Fed. R. Civ. P. 15(c) provides in pertinent part that whenever "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." "Claims arise out of the same conduct, transaction, or occurrence if they share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 511 F.2d. 1120, 1133 (9th Cir. 2008). "The requirement that the allegations in the amended complaint arise from the same conduct, transaction, or occurrence is meant to ensure that the original pleading provided adequate notice of the claims raised in the amended pleading." *Id.* In this case, no common core of operating facts exists between the original pleading and the Second Amended complaint because the original pleading was devoid of information/facts that would support a claim.

Plaintiff filed his original handwritten Complaint pro se on October 17, 2007. This Complaint consisted of one paragraph. No causes of action were identified and the facts alleged on their face failed to state any cause of action. Plaintiff's stated only that: (1) he had taken the prescription drug Prednisone between 2002 and 2005; (2) he began experiencing problems with his right hip in May 2005 and then subsequently with his left hip; (3) he sought medical treatment from various doctors and he was diagnosed with avascular necrosis and that Prednisone was suspected of being the cause; and (4) that he felt like the manufacturers should be held accountable. These allegations are insufficient by themselves to state a claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (complaint must give "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). Plaintiff gave Qualitest no idea what legal theory or claim he was pursuing. The allegations in Plaintiff's Complaint failed to establish that he may be entitled to some sort of relief. The Ninth Circuit held that "[e]ven though pro se litigant's complaints typically are to be construed liberally, it is also our rule that a pro se complaint 'must identify the civil rights allegedly violated in his complaint." *Percy v.*

*San Francisco General Hosp.*, 841 F.2d 975, 970-80 (9th Cir. 1988) (quoting *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Plaintiff's October 17, 2007 Complaint failed to put Qualitest on notice of any type of claim against which it needed to defend and thus, the Second Amended Complaint does not relate back to the original pleading.

On December 21, 2007, two months after filing his original Complaint, Plaintiff filed an Amended Complaint. The Amended Complaint contained the following additional allegation: "the manufacturers of this medication did not give adequate warning about the possibility of getting AVN [sic] from using the medication." *See* Amended Complaint. This Complaint also failed to put Qualitest on notice of a claim against which it needed to defend. These allegations are too conclusory and do not set forth any facts regarding how the manufacturers did not adequately warn the plaintiff. In addition, Plaintiff's Amended Complaint failed to state a claim for strict liability failure to warn because Plaintiff failed to allege any facts explaining how Plaintiff's physicians prescribing the Prednisone failed to receive adequate warnings from the manufacturers, including Qualtest. This is known as the learned intermediary doctrine. *See Carlin v. Superior Court of Sutter County*, 13 Cal.4th 1104, 1116 (1996); *Brown v. Superior Court of the City and County of San Francisco,* 44 Cal.3d 1049, 1061-62 (1988). Thus, Plaintiff's Amended Complaint does not relate back to the original pleading under Fed. R. Civ. P. 15 because there is no common core of operative facts between a non-existent claim and one that is insufficiently pleaded.

On February 7, 2008, Plaintiff filed a Second Amended Complaint, by counsel. This Complaint contained additional factual allegations and the following headings: "Strict Products Liability," "Negligence," and "Breach of Express and/or Implied Warranties." However, Plaintiff's Second Amended Complaint does not relate back to Plaintiff's October 17, 2007 original Complaint and it does not relate back to Plaintiff's December 21, 2007 Amended Complaint. First, Plaintiffs Amended Complaint at most mentions the words failure to warn and nothing else. The set of facts necessary to prove this claim is different from proving a breach of implied or express warranty claim or fraud claim. Proving a breach of warranty claim, for example, would involve proving that Qualitest breached its warranty that Prednisone was safe for its intended use and that it was of merchantable quality. Accordingly, the evidence necessary to prove these claims differ from the evidence used to prove a

failure to warn claim (which would involve proving what warnings the manufacturers gave to Plaintiff's physicians). Thus, under *Williams*, Plaintiff's Second Amended Complaint does not relate back to the original Complaint or the Amended Complaint.

Even if Plaintiff's Second Amended Complaint somehow related back to the Amended Complaint, Plaintiff's claims are still barred by the applicable two-year statute of limitations and should be dismissed. *See infra* - statute of limitations defense.

**C. California's Two Year Statute of Limitations Under Cal. Code of Civ. Proc. § 335.1 Bars All of Plaintiff's Claims.**

Plaintiff's strict liability, negligence, breach of express warranty and breach of implied warranty claims are barred by Cal. Code of Civ. Proc. § 335.1 ("Section 335.1"). Section 335.1 provides that "[w]ithin two years: [a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." A plaintiff must bring a cause of action within the limitations period applicable thereto after accrual of the cause of action. *Rivas v. Safety-Kleen Corp.*, 98 Cal.App.4$^{tb}$ 218, 224-25 (2002). Under common law, an action accrues on the date of injury. *Id.* at 224. However, the discovery rule modifies this general rule and provides that the "statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110-11 (1988). "So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Id.* at 1111.

"Personal injury actions based upon products liability are governed by the one-year period of limitations prescribed by Code of Civil Procedure section 340, subdivision 3." (now two years under Section 335.1). Strict liability and negligence product liability claims are personal injury claims barred by Section 335.1. *See Gray v. Reeves*, 76 Cal.App.3d 567, 576 (1977). Moreover, breach of implied and express warranty product liability claims are considered personal injury claims. *Rivas*, 98 Cal.App.4th 218, 229-30; *Rubino v. Utah Canning Co.*, 123 Cal.App.2d 18, 23(1954). Thus, all of Plaintiff's claims are governed by the two-year statute of limitations.

Plaintiff's original and Amended Complaints state that he began experiencing hip problems in May 2005. Plaintiff's Second Amended Complaint states that he was experiencing problems in 2005

and was diagnosed with avascular necrosis on October 19, 2005. Plaintiff's statute of limitations began to run in May 2005 when he began having problems. Plaintiff knew he was having problems and should have suspected that Prednisone may have been a cause of these problems, Plaintiff alleges he was prescribed Prednisone by various physicians and also that he sought medical treatment from various doctors after he began having problems. See all complaints. Plaintiff certainly should have suspected that Prednisone could have been the cause of his medical problems in May 2005. Two years from May 2005 is May 2007. Thus, Plaintiff's original October 17, 2007 Complaint is barred by approximately five and a half months.[1] Assuming *arguendo*, that Plaintiff's Second Amended Complaint related back to the original October 17, 2007 original Complaint, which it does not, then Plaintiff is still barred by the two-year statute of limitations.

Next, even if the Court somehow applied the statute of limitations from the date Plaintiff was diagnosed with his medical condition on October 19, 2005, the December 21, 2007 Amended Complaint is time-barred by over two months (October 19, 2007 to December 21, 2007). The relation back doctrine cannot save Plaintiff's claims here because the original Complaint was wholly deficient and did not place Qualitest on notice of a legally cognizable claim.

In addition, Plaintiff was able to find a lawyer at some point between December 21, 2007 to February 7, 2008. Plaintiff failed to hire a lawyer in a timely matter. His two prior untimely and deficient pro se Complaints do not serve as proper notice of legally cognizable claims to Qualitest and Plaintiff's Second Amended Complaint does not relate back so as to toll the statute of limitations. Based on the foregoing, Plaintiff's claims should be dismissed as untimely.

**D. Plaintiff's Breach of Implied Warranty Claim Should Be Dismissed Because No Privity Exists Between Manufacturer Qualitest and Plaintiff**

It is settled law that "privity of contract is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness and merchantability." *Blaco v. Baxter Healthcare Corp.*, 158 CalApp.4th 1039, 158059 (2008). "The general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller

---

[1] Even if Plaintiff's December 21, 2007 Amended Complaint related back to the original October 17, 2007 Complaint, it

and a subsequent purchaser who is in no way a party to the original sale." *Id.* The implied warranty of fitness requires that a buyer of goods rely upon the seller's skill or judgment to select or furnish a suitable product. *Evarets v. Intermedics Intraocular, Inc.*, 29 Cal.App.4th 779, 789 (1994) (citing *Anthony v. Kelsey Hayes Co.*, 25 Cal.App.3d 442, 448 (1972); *Rodrigues v. Campbell Industries*, 87 Cal.App.3d 495, 500 (1978)). In both *Blanco* and *Evarets*, the court found that the plaintiffs could not sue the manufacturer for breach of implied warranties[2] because there was no evidence that the patient relied on the manufacturer's judgment that the product was right for him. *Blanco*, 158 Cal.App.4th at 1059; *Evarets*, 29 Cal.App.4th at 788. Here, no privity exists between Plaintiff and Qualitest. Plaintiff did not rely on Qualitest's judgment that Prednisone was the proper medication for Plaintiff. Plaintiff relied on his doctors for that. As such, Plaintiff cannot sue Qualitest based on a breach of implied warranty claim and this claim must be dismissed.

**E. <u>Plaintiff Has Failed To State A Proper Strict Liability And Negligence Claim For A Design Defect And For Any Kind Of Failure To Warn Claim.</u>**

Plaintiff's Second Amended Complaint is ambiguous and confusing and fails to state proper claims for strict liability and negligent failure to warn claims. "Strict liability differs from negligence in that it eliminates the necessity for the injured party to prove that the manufacturer of the product which caused injury was negligent." *Brown v. Superior Court of the City and County of San Francisco*, 44 Cal.3d 1049, 1056 (1988). Strict liability "focuses not on the conduct of the manufacturer but the product itself, and holds the manufacturer liable if the product was defective." *Id.* There are three types of product defects: (1) a flaw in the manufacturing process of the product; (2) a flaw in the design of the product; and (3) inadequate warnings or instructions. *Id.* at 1057.

Strict liability for a design defect does not exist for prescription drugs. *Id.* at 1058-61. Instead, a negligence type standard is used stating that a manufacturer is liable only if it failed to warn of a defect of which it either knew or should have known. *Id.* at 1059; *see also Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal.3d 987 (1991). Plaintiff cannot state a claim for strict liability design defect

---

would be time-barred as well because the statute of limitations expired in May 2007.

[2] An exception to this rule applies to manufacturers of foodstuffs which does not apply in this case. See Evarets, 29 Cal.App.4th at 787.

and any attempt to do so should be stricken. Plaintiff has also failed to state sufficient facts to support a negligence claim. Plaintiff proffers only conclusory allegations and no facts to show that Qualitest did not warn of a particular risk for reasons that fell below the acceptable standard of care. *See Carlin v. Superior Court of Sutter County*, 13 Cal.4th 1104, 1112 (1996) (explaining the negligence standard for failure to warn claims). Therefore, Plaintiff's negligence claim should be dismissed.

A claim for strict liability for failure to warn requires a plaintiff to prove that the defendant did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific knowledge available at the time of manufacture and distribution. *Id.* Significantly, in the case of prescription drugs, the duty to warn runs to the physician, not the patient. *Id.* at 1116; *see also Brown*, 44 Cal.3d at 1061-62; *Stevens v. Parke Davis & Co.*, 9 Cal.3d 51, 65 (1973) ("In the case of medical prescriptions, 'if adequate warning of potential dangers of a drug has been given to doctors, there is no duty by the drug manufacturer to insure that the warning reaches the doctor's patient for whom the drug is prescribed.'"). A "manufacturer may not be required to provide warning of a risk known to the medical community." *Carlin*, 13 Cal.4th at 1116 (*citing Plenger v. Alza Corp.*, 11 Cal.App.4th 349, 362 (1992)). This rule also applies to a breach of warranty claim.[3] *Id.* at 1118. "It is the prescribing doctor who in reality stands in the shoes of the "ordinary consumer.'" *Carmichael v. Reitz*, 17 Cal.App.3d 958, 989 (1971). Plaintiff failed to allege sufficient facts in order to state a proper claim for failure to warn. Plaintiff's Complaints failed to allege that the manufacturer did not provide adequate warnings to Plaintiff's several physicians and/or the risks of developing problems with a person's hips is not known in the medical community. Plaintiff's strict liability failure to warn claim therefore fails.

## III. CONCLUSION

Qualitest respectfully requests this Court dismiss Plaintiff's Second Amended Complaint because it does not relate back to the original or amended Complaint, and as a result, all of plaintiff's claims are barred by the applicable two-year statute of limitations. In addition to being barred by the statute of limitations, Plaintiff's breach of implied warranty claim fails because of lack of privity

---

[3] Plaintiff has failed to state a breach of warranty claim. He has not alleged that the manufacturer failed to warn his doctors

between Qualitest and Plaintiff. Finally, Plaintiff has failed to state a claim for strict liability failure to warn, negligent failure to warn and breach of express warranty. Accordingly, this Court should dismiss all of Plaintiff's claims with prejudice.

Dated: July 30, 2008

MORRIS, POLICH & PURDY LLP

s/ Michael J. Hurvitz
Carolyn Taylor
Mike Hurvitz
Attorneys for Defendant,
Qualitest Pharmaceuticals, Inc.
Email: Ctaylor@mpplaw.com

SD020921.DOC

and that the risk is not well known in the medical community. Id.