BERNARD R. LAFER, SBN 122645
Attorney at Law
7801 Mission Center Court, Suite 430
San Diego, California 92108-1316
Telephone (619) 298-1969
Fax (619) 298-7784
Attorney for Plaintiff DOUGLAS E. GILBERT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>WATSON LABORATORIES, a California corporation; QUALITEST PHARMACEUTICALS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 07CV2023W(WMc)<br><br>POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT QUALITEST PHARMACEUTICALS' MOTION TO DISMISS |

Plaintiff alleges as follows:

I

INTRODUCTION

Plaintiff filed his original *pro per* complaint on October 18, 2007, which consisted of claims of damage and personal injuries arising out of his use of medicine which had been formulated and manufactured by Defendant.. See original complaint filed. Plaintiff alleged therein facts sufficient as a plaintiff in *pro per* to give a reasonable defendant notice and knowledge that claims were being

asserted against them based on use of their product. The first amended complaint further illustrated his belief based on lack of warning of a faulty product giving rise to liability. Plaintiff subsequently retained an attorney who prepared and filed, a second amended complaint.. At no time did Defendant claim a statute of limitations defense until after the second amended complaint was filed.

## II

## ARGUMENT

### i. Motion to Dismiss Standard

Fed. R Civ. P. 12 (b) (6) ("Rule 12b6") permits dismissal of a claim for failure to plead a cognizable legal theory, or where plaintiff alleges insufficient facts to support his theory. *See Balisteri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990). However and more importantly "A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)**. The Balisteri court only dismissed those claims which could not be proven by the facts alleged, including those where the police had no "duty to protect" the public from crime. Here, certainly defendant does not contend they have no duty to provide safe goods, nor that there is not a duty to warn of potential harm, either the doctor or the patient.

The Balisteri court would not have dismissed such claims, and did not dismiss such claims that could be proven through evidence, or where a legal duty existed. The Defendant claims that Plaintiff's complaint was vague, conclusory, or failed to set forth ANY material facts in support of his allegations.. *N. Star Int'l v. Ariz. Corp. Comm'n,* 720 F.2d 578, 583 (9th Cir. 1983). Here Plaintiff did so assert material facts which supported the allegations of harm, and therefore held that such dismissal was improper.

### ii. Plaintiff's Second Amended Complaint Does Relate back to the Original Complaint and to the First Amended Complaint.

Fed. R. Civ. P. 15 governs whether an amended complaints relate back to the originally filed complaint, thereby barring the application of the statute of limitations. *Percy v. San Francisco General Hosp.,* 841 F.2d 975, 978 (9th Cir. 1988). As Defendant suggests:

> the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or *attempted* set forth in the original pleading, the amendment relates back to the date of the original pleading."

"Claims arise out of the same conduct, transaction, or occurrence if they share a common core of operative facts such that the Plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.,* 511 F.2d. 1120, 1133 (9th Cir. 2008). In this case, a common core of operative facts exists between the original pleading, and the Second Amended Complaint. The *Williams* court did not require that the original complaint be perfect but, only that the *operative* facts would remain the same between the original and amended complaint. RThe allegations in the second amended Complaint merely confirm that the medicine described in the first complaint injured him. The legal theory did not change.

While a complaint must assert allegations sufficient to state a claim (*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002), holds that is not necessary to provide a legal theory where defendant has been put on notice of the harm. Defendant seeks to mislead the court as to an opinion by the Ninth Circuit, wherein a *pro per* client "must identify civil rights allegedly violated in his complaint." *Percy v. San Francisco General Hosp.,* 841 F.2d 975, 970-80 (9th Cir. 1988) . Plaintiff has not raised a claim for violation of his civil rights.. This lawsuit involves personal injuries and damages.

Further, Defendant's pleading is not a motion for summary judgment, or a trial of issues of fact and law, but a motion to dismiss. The learned intermediary doctrine herein raised by Defendant is an affirmative defense which can only be raised during trial, and must be proven by a preponderance of evidence.. *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). This argument must fail for lack of relevance to the case in chief.

Defendant claims that the Second Amended Complaint fails because it does not specifically allege the legal theory of law. However, by Defendant's own admission, the Plaintiff was a pro per applicant, and his claims were based on the injuries and damages which he suffered,, which he presented factually.

The original complaint should be interpreted liberally, since the applicant was in pro per d therefore, the first amended complaint should relate back. The second amended complaint simply clarifies those claims, which are addressable by the court, which under existing law court should hold that it relates back to the original complaint.

iii. California's Two Year Statute of Limitations Under Cal. Code of Civ. Proc. § 335.1 is Not Applicable.

The modern discovery rule allows a plaintiff to "toll" the statute of limitations, from the date of discovery of the injury, to the date of discovery that a particular defendant's action or inaction caused the injury. *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 1110-11 (1988). Plaintiff herein sought medical treatment as soon as he was injured, and was diagnosed within the two year statute of limitations, as alleged by Defendant; which should toll the statute of limitations.

Defendant misstates the facts claiming that the operative date is October, 19, 2007. The diagnosis was not made until December 21, 2007. Therefore the statute commences on that date, which gives Plaintiff until December 21, 2009 to file a complaint against the Defendant, which he has complied with..

iv. Privity exists between Manufaturer Qualitest and Plaintiff

Defendant claims that no privity of contract exists as between Qualitest and Plaintiff., since Plaintiff had not purchased the subject medicine from a "doctor" as Defendant asserts. Therefore it is a matter of proof at trial as to whether the product was purchased in a chain which would show that a common nucleus of operative fact existed. Here, Defendant has not offered any proof that such privity does not exist , but only makes such blanket claims in the hope the court will simply adopt its improper argument.. Without proof being offered at trial, no dismissal is proper for issues of lack of privity. No evidence has been offered that Plaintiff did not rely on Defendant's assertions, required for a dismissal in *the case of Blanco. Blanco v. Baxter Healthcare,* 158 Cal.App.4th at 1059 (2008).

v. Plaintiff has Asserted a Proper Claim for Strict Liability, Negligence, and Failure to Warn of a Design Defect.

Strict liability does exist for prescription drugs, unless it can be proven at trial they prepared properly, and or accompanied by warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution. Brown v. Superior Court, 44 Cal.3d 1049, 245 Cal.Rptr. 412 (Cal., 1988) at 424. This is an affirmative defense and can only be decided through the discovery process and trial on the merits of the case. Even if the court wee to agree that a manufacturer has no duty to warn consumers, this is an issue of proof at trial. At this time, if it can be shown that the manufacturer failed to follow standard practices in warning, then it should be held accountable for its failure to warn. Defendant has offered nothing, nor asserted affirmatively that it warned anyone, including any of the medical doctors treating Plaintiff. Without any warning, this case differs from the *Carmichael* case in that with no warning at all, a manufacturer has not addressed the needs of the public to be warned. In *Carmichael,* the defendant manufacturer provided applicable warnings to the medical community and the treating doctors. *Carmichael v. Reitz,* 17 Cal.App.3d 958, 989 (1971).

vi.

CONCLUSION

Plaintiff respectfully requests that this court deny Defendants' motions to dismiss Plaintiff's second amended complaint based upon the statute of limitations according to the facts and law above set forth. Assuming arguendo. that Plaintiff's causes of action do fall within the statutory period , it should be tolled, since the second amended complaint relates back to the date the original complaint was filed..

Respectfully submitted

Dated: August 27, 2008

BERNARD R. LAFER,

Attorney for Plaintiff