Carolyn Taylor, Esq. (SBN 159347)
Ctaylor@mpplaw.com
Michael J. Hurvitz, SBN 249050
Mhurvitz@mpplaw.com
MORRIS POLICH & PURDY, LLP
501 West Broadway, Suite 500
San Diego, California 92101-3544
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

Attorneys for Defendant Qualitest Pharmaceuticals, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS E. GILBERT,<br><br>Plaintiff,<br>v.<br><br>WATSON LABORATORIES, a California Corporation; QUALITEST PHARMACEUTICALS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 07CV2023W (WMc)<br><br>**DEFENDANT QUALITEST PHARMACEUTICALS, INC.'S REPLY TO MOTION TO DISMISS**<br><br>**[No Oral Argument pursuant to Local Rule 7.1.(d)(l)]**<br><br>**Date: September 8, 2008**<br>**Time: 10:30 A.M.**<br>**Ctrm: 7, Third Floor**<br>**Hon.: Judge Thomas J. Whelan** |

Plaintiff's Second Amended Complaint does not relate back to either the First Amended Complaint or the Original Complaint because the Second Amended Complaint sets forth new casues of action. Furthermore, the statute of limitations began to run, at the latest, on October 19, 2005, the date when the plaintiff was diagnosed with avascular necrosis. For the reasons set forth in Qualistest's memorandum of points and authorities in support or its Motion to Dismiss, as well as the reasons stated in this reply, the Court should grant Qualitest's Motion to Dismiss.

///

///

///

A. **Plaintiff's Second Amended Complaint Does Not Relate Back to Either the First Amended Complaint Or Original Complaint.**

Plaintiff contends that the Second Amended Complaint relates back to the Original Complaint and to the First Amended Complaint. Plaintiff contends that the Original Complaint set forth sufficient facts to put Qualitest on notice of claims for strict products liability, negligence and breach of express and implied warranties. However, reading plaintiff's original Complaint in its broadest sense, it does not provide adequate notice of any of the claims raised in the Second Amended Complaint.

The plaintiff contends that since the Original and First Amended Complaints were pro se complaints, the pleading requirement under Fed. R. Civ. P. 8 should be relaxed. However, basic pleading requirements under rules of civil procedure apply to self-represented and counseled plaintiffs alike. *Wynder v. McMahon*, C.A.2 (N.Y.) 2004, 360 F.3d 73. While courts may construe complaints drafted by pro se litigants more liberally, the pro se plaintiff must still adhere to pleading requirements prescribed by the Federal Rules of Civil Procedure.

Plaintiff's original and First Amended Complaints fail to adhere to the pleading requirements of Fed. R. Civ. P. 8. Federal jurisdiction must be affirmatively alleged in pleadings, and, where it is based on diversity of citizenship, citizenship of parties must be positively averred. *Geidel Fuel Oil Corp. v. Peninsula Nat. Bank*, E.D.N.Y.1984, 581 F.Supp. 19. Neither the Original or First Amended Complaint affirmatively allege that this Court has jurisdiction based upon diversity jurisdiction. In fact, neither of these complaints contains information concerning the citizenship of any party.

Neither the plaintiff's Original nor First Amended Complaints contain facts sufficient to put Qualitest on notice of the causes of action contained in the Second Amended Complaint. The Second Amended Complaint adds new causes of action that were not previously pled.

Generally, the rule of relation back does not extend to amendments that add new causes of action. *Hartmann v. Time, Inc.*, 64 F.Supp. 671 (D.C.Pa.1946). In order for plaintiff's amendments to relate back to the date of the Original Complaint, this Court must find that the causes of action listed in plaintiff's Second Amended Complaint were sufficiently pled in an earlier complaint.

///

Plaintiff contends that the causes of action for strict product liability, negligence and breach of express and implied warranty, which were pled in the Second Amended Complaint, relate back to the original Complaint because they are based upon the same operative facts. However, plaintiff fails to reference the entire test set forth in *Williams v. Boeing Co.*, 517 F.3d. 1120(9th Cir. 2008), which provides "[c]laims arise out of the same conduct, transaction, or occurrence if they share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." *Id.* at 1130. Plaintiff has provided no argument that the evidence upon which the plaintiff will rely to prove his product liability, warranty and negligence claims will be the same. It is obvious that the plaintiff would not rely on the same evidence when establishing his negligence and warranty claims.

The plaintiff is attempting to minimize the fact that the Original and First Amended Complaints allege only that: (1) the plaintiff had taken Prednisone between 2002 and 2005; he began experiencing hip pain in 2005; (3) he sought medical treatment from various doctors and he was diagnosed with avascular necrosis and that Prednisone was suspected of being the cause; and (4) that he felt like the manufacturers should be held accountable. These broad allegations in no way give Qualitest notice of what the plaintiff's claim is and the grounds upon which it rests. The plaintiff contends that the Second Amended Complaint clarifies the claims in the Original and First Amended Complaints. On the contrary, the Second Amended Complaint contains new causes of action that were not set forth either of the prior complaints.

**B. <u>California's Two Year Statute of Limitations Under Cal. Code of Civ. Proc. § 335.1 Is Applicable</u>.**

The plaintiff's recitation of the state of the "discovery rule" in California is inaccurate and would allow plaintiffs to wait for the facts to find him. The Second Amended Complaint provides that "Plaintiff was diagnosed with avascular necrosis on October 19, 2005." (Plaintiff's Second Amended Complaint ¶ 7.) Plaintiff's contention that the date of diagnosis of the avascular necrosis was December 19, 2005, is without any support from the pleadings. On the contrary, plaintiff's own words indicate that he was diagnosed with avascular necrosis on October 19, 2005.

///

///

The rule set for the by the court in *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110-11 (1988), is that:

> A plaintiff need not be aware of the specific "facts" necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her.

From a plain reading of plaintiff's Second Amended Complaint, the latest that the plaintiff had suspicion of wrong doing, and therefore a notice to sue, was when he was diagnosed with avascular necrosis on October 19, 2005.

Plaintiff certainly should have suspected that Prednisone could have been the cause of his medical problems in May 2005. Two years from May 2005 is May 2007. Thus, Plaintiff's original October 17, 2007 Complaint is barred by approximately five and a half months. Assuming *arguendo*, that Plaintiffs Second Amended Complaint related back to the original October 17, 2007 original Complaint, which it does not, then Plaintiff is still barred by the two-year statute of limitations.

Under plaintiff's interpretation of *Jolly* the statute of limitations would not begin to run until "the date of discovery that a particular defendant's action or inaction caused the injury." (See plaintiff's opposition at p. 4 lines 6-7.) On the contrary, the statute of limitations begins to run when the plaintiff has a suspicion of wrongdoing, which in this case was, at the latest, when he was diagnosed with avascular necrosis on October 17, 2005.

**C. <u>Conclusion</u>**

Qualitest respectfully requests this Court dismiss Plaintiff's Second Amended Complaint because it does not relate back to the original or amended Complaint, and as a result, all of plaintiff's claims are barred by the applicable two-year statute of limitations. In addition to being barred by the statute of limitations, Plaintiff's breach of implied warranty claim fails because of lack of privity

///

///

///

between Qualitest and Plaintiff. Finally, Plaintiff has failed to state a claim for strict liability failure to warn, negligent failure to warn and breach of express warranty. Accordingly, this Court should dismiss all of Plaintiff's claims with prejudice.

Dated: September 3, 2008

MORRIS, POLICH & PURDY LLP

s/ Michael J. Hurvitz

Carolyn Taylor
Mike Hurvitz
Attorneys for Defendant,
Qualitest Pharmaceuticals, Inc.
Email: Ctaylor@mpplaw.com

SD021523.DOC