Brian S. Inamine (Cal. State Bar No. 117893)
E-mail: Brian.Inamine@leclairryan.com
LeClairRyan LLP
888 South Figueroa Street, Suite 1800
Los Angeles, CA 90017-5455
Telephone: (213) 488-0503
Telefax: (213) 624-3755

Attorneys for Defendant
Watson Laboratories, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>WATSON LABORATORIES, INC., a corporation; QUALITEST PHARMACEUTICALS, INC., and DOES 1 through 1, inclusive,<br><br>Defendants. | Case No.:07CV2023W (WMc)<br><br>DEFENDANT WATSON LABORATORIES, INC.'S REPLY TO UNTIMELY OPPOSITION TO MOTION TO DISMISS<br>[No Oral Argument pursuant to Local Rule 7.1.(d)(1)]<br><br>Date: August 18, 2008<br>Ctrm: 7<br><br>Hon. Thomas J. Whelan |

Defendant, Watson Laboratories ("Watson") hereby submits its reply memorandum in support of its Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) against Plaintiff Douglas E. Gilbert based on the statute of limitations and failure to state cognizable claims.

## I. PLAINTIFF'S UNTIMELY OPPOSITION CONSTITUTES CONSENT TO WATSON'S MOTION TO DISMISS

The "hearing date" was August 18, 2008, and, thus, Plaintiff's opposition was due by August 4th. *See* Local Rule 7.1(e.2). Plaintiff did not file a timely opposition, and did not request or seek an extension of time to file his opposition prior to the hearing date. In fact, he waited until August 27th to file and serve his

opposition, and Watson is not aware that Plaintiff sought or received leave of court permitting his tardy filing. Accordingly, Plaintiff should be deemed to have waived his opposition or consented to the granting of Watson's motion to dismiss. *See* Local Rule 7.1(f.3).

## II. PLAINTIFF HAS NOT REFUTED WATSON'S ARGUMENTS

Contrary to Plaintiff's argument, Plaintiff's original Complaint fails to state any type of claim against Defendant. It contained almost no information or facts at all much less enough information and facts to establish a cause of action. Watson would have to engage in a guessing game regarding what types of claims Plaintiff attempted to allege in his original Complaint. Just because Plaintiff named the prescription drug he was taking does not mean that any of the defendants understood which theories of liability Plaintiff was pursuing. No one expected Plaintiff's *pro se* Complaint to be perfect, but it must, as a matter of law, be sufficient to state a cause of action. It was defective even under a notice pleading standard.

Moreover, Plaintiff's argument that this is not a civil rights violation case misses the point. Plaintiff must allege enough details to outline what legal theory is involved. He failed to do this and, thus, the original Complaint essentially does not exist. This necessarily means that Plaintiff's subsequent Amended Complaints cannot relate back to the original Complaint for statute of limitations purposes.

Next, Plaintiff's Amended Complaint –filed on December 21, 2007- failed to allege sufficient facts to support how the manufacturers did not adequately warn the Plaintiff. Plaintiff's argument that the learned intermediary doctrine can only be decided at the summary judgment stage is wrong. Initially, it is Plaintiff's burden – not the defendant's- to allege sufficient facts to support a failure to warn claim. Plaintiff has omitted many critical facts to state a proper cause of action, including why and how Watson had a duty to warn Plaintiff. These omitted facts

include, but are not limited to, what warnings Watson set forth regarding the product in question, what warnings Plaintiff's prescribing physician gave to Plaintiff, how these warnings allegedly were deficient and whether Plaintiff relied on these warnings. *See Carlin v. Superior Court of Sutter County,* 13 Cal. 4th 1104, 1116 (1996). No such facts exist in either the Amended or Second Amended Complaint and thus any failure to warn claim should be dismissed with prejudice.

Also, Plaintiff avers that the date of his medical diagnosis is the date on which his statute of limitations began, and relies on a distorted application of the discovery rule. In California, "[u]nder the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by a wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 1111 (1988). Significantly, a plaintiff relying on this rule must plead facts justifying delayed accrual and must allege "(1) the time and manner of discovery and (2) the circumstances excusing delayed discovery." *G.D. Searle & Co. v. Superior Court of Sacramento County*, 49 Cal. App.3d 22, 26 (1975) (citing *Bradler v. Craig,* 274 Cal. App.2d 466, 471-472(1969); *Weinstock v. Eissler,* 224 Cal. App.2d 212, 227-28 (1964). No allegations exist here regarding why Plaintiff could not have discovered earlier that Prednisone could have caused his medical condition. Without these allegations, Plaintiff's claim should actually fall under the general rule that fixes the accrual of the cause of action at the time of the alleged tortious act. *See G.D. Searle & Co., supra,* 49 Cal. App.3d at 26. Thus, on the face of all of Plaintiff's lawsuits (alleging that he used Prednisone from 2002 to 2005), his causes of action are barred by the two-year statute of limitations. Plaintiff's original and Amended Complaints state that he began experiencing problems in his hips in May 2005. Plaintiff's Second Amended Complaint states that he was experiencing problems in 2005 and was diagnosed with avascular necrosis on October 19, 2005. Furthermore, Plaintiff's statute of limitations most

likely began to run as early as 2003, when he began taking the medication – the date of the alleged wrongdoing. Hence, Plaintiff's lawsuits are even more untimely than first argued.

Finally, Plaintiff's attempt to circumvent his burden to show that privity exists between him and Watson fails. When it comes to an action for implied warranties of fitness and merchantability, Plaintiff must plead that he was a party to the original sale between Watson and was the original purchaser of the Prednisone that he ingested. This he has not done and cannot do. Therefore, these claims fail as a matter of law.

## III. <u>CONCLUSION</u>

Watson respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint because Plaintiff consented to its granting. Alternatively, dismissal is warranted because the pleading does not relate back to the original or Amended Complaint. Even if the Second Amended Complaint somehow related back to the Amended Complaint in full, all of Plaintiff's claims are barred by the applicable two-year statute of limitations because Plaintiff has failed to properly plead that he is entitled to take advantage of the discovery accrual rule. In addition to being barred by the statute of limitations, Plaintiff's breach of implied warranty fails because of lack of privity between Watson and Plaintiff. Finally, Plaintiff has failed to state a claim for strict liability failure to warn; negligent failure to warn and breach of express warranty for the reasons stated in Watson's original moving papers. Accordingly, this Court should dismiss all of Plaintiff's claims with prejudice.

Dated: September 4, 2008 LECLAIRRYAN LLP

By: <u>/s/Brian S. Inamine</u>
Brian S. Inamine, Esq.
Defendant WATSON LABORATORIES, INC.

## CERTIFICATE OF SERVICE

I, Brian S. Inamine, certify and declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 888 S. Figueroa St., Suite 1800, Los Angeles, CA 90017.

On September 4, 2008, I served the foregoing document described as:

DEFENDANT WATSON LABORATORIES, INC.'S REPLY TO UNTIMELY OPPOSITION TO MOTION TO DISMISS

[X] (BY ELECTRONIC ADDRESS): Pursuant to the Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to e U.S.D.C. efile Website and will be posted on the Website by the close of the next business day and the webmaster will give e-mail notification to all parties as follows:

| | |
|---|---|
| Bernard R. Lafer, Esq.<br>7801 Mission Center Court, Ste 430<br>San Diego, CA 92108-1316<br>(619) 298-1969<br>(619) 298-7784-fax | Carolyn Taylor, Esq.<br>Michael J. Hurvitz, Esq.<br>Morris Polich & Purdy, LLP<br>501 W. Broadway, Suite 500<br>San Diego, CA 92101-3544<br>(619) 557-0404<br>(619) 557-0460-fax |

[X] (FEDERAL): I declare under penalty of perjury that I am employed in the office of a member of this court at whose direction the service was made.

Executed on September 4, 2008, in Los Angeles, California.

/s/Brian S. Inamine

Brian S. Inamine