UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. GILBERT,<br><br>                  Plaintiff,<br>vs.<br><br>WATSON LABORATORIES, INC., QUALITEST PHARMACEUTICALS, INC., et al.,<br><br>                  Defendants. | CASE NO.07-CV-2023 W(WMc)<br><br>**ORDER (1)DENYING WATSON'S MOTION TO DISMISS (DOC NO. 15.) AND (2) DENYING QUALITEST'S MOTION TO DISMISS (DOC. NO. 19.)** |

      This is an action between Plaintiff Douglas E. Gilbert ("Gilbert"), and Defendants Watson Laboratories, Inc. ("Watson"), and Qualitest Pharmaceuticals, Inc. ("Qualitest"). This Court has jurisdiction pursuant to 28 U.S.C. §1331, and the Food, Drug and Cosmetic Act, 21 U.S.C. §301 et. seq.

      On February 7, 2008, Gilbert filed his Second Amended Complaint ("SAC") alleging strict products liability, negligence, and breach of warranties. Defendants now move to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6).

      The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal Civ. R. 7.1(d.1). For the reasons stated below, the Court **DENIES** Defendants' Motions.

## I. BACKGROUND

Between 2002 and 2005, Gilbert was prescribed and used the medication Prednisone for various ailments. (SAC p.1–3.) Sometime in May 2005, Gilbert began having problems with and experiencing pain in his hips. (*Id*. p.2.) On October 19, 2005, Gilbert was diagnosed with Avascular Necrosis of the hip ("AVN"). (*Id*. p.3.) At some point thereafter, Gilbert became aware of a link between ingesting Prednisone and AVN.

On October 18, 2007, Gilbert filed a one-paragraph complaint asking for "assistance in seeking damages as compensation for [his] condition." (*Compl.* p.1.) Gilbert concurrently filed a motion to proceed in forma pauperis ("IFP") and a motion to appoint counsel. (Doc. Nos. 2, 3.) On November 28, 2007, the Court denied Gilbert's IFP motion without prejudice and dismissed the complaint for failure to pay the filing fee. (Doc. No. 4)

On December 21, 2007, Gilbert filed his First Amended Complaint ("FAC"). (Doc. No. 5.) The FAC restated in-full the allegations in the original complaint. (*FAC* p.1.) Further, the FAC alleged that the "manufacturers of [Prednisone] did not give adequate warning about the possibility of acquiring AVN from using the medication." (*FAC* p.1.) Gilbert also filed an amended IFP motion and a request for appointment of counsel. (Doc. Nos. 6, 7.) On January 11, 2008, the Court granted Gilbert's IFP motion, but dismissed the FAC for failure to plead the grounds upon which jurisdiction was based as required by Federal Rule of Civil Procedure 8(a)(1). The Court granted Gilbert leave to amend.

On February 7, 2008, Gilbert filed his SAC alleging that jurisdiction is proper under 28 U.S.C. §1331, and the Food, Drug and Cosmetic Act, 21 U.S.C. §301 et seq. (*SAC* ¶1.) The SAC contains three claims: strict products liability, negligence, and breach of warranties. (*Id.* ¶¶3–30.) On July 7, 2008, and July 30, 2008, Watson and Qualitest, respectively, filed the current motions to dismiss.

1  II.   LEGAL STANDARD

2      A.   **Motion to Dismiss**

3      This motion is governed by Federal Rule of Civil Procedure 12(b)(6), which
4  mandates that the Court dismiss a cause of action that fails to state a claim upon which
5  relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's
6  sufficiency.  See North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th
7  Cir. 1983).  All material allegations in the complaint, "even if doubtful in fact," are
8  assumed to be true.  Id.  The court must assume the truth of all factual allegations and
9  must "construe them in the light most favorable to the nonmoving party." Gompper v.
10 VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank
11 of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

12     As the Supreme Court recently explained, "[w]hile a complaint attacked by a
13 Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
14 obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels
15 and conclusions, and a formulaic recitation of the elements of a cause of action will not
16 do."  Bell Atlantic Corp. v. Twombly,127 S.Ct. 1955, 1964 (2007).  Instead, the
17 allegations in the complaint "must be enough to raise a right to relief above the
18 speculative level." Id. at 1964–65.

19

20 III.  DISCUSSION

21     A.   **Gilbert's Claims Are Not Barred By the Statute of Limitations**

22     Defendants argue that Gilbert's claims are time-barred under California Code of
23 Civil Procedure section 335.1. (*Defs.' Supp. Mems.* p.6.) Gilbert disagrees, contending
24 that the statute of limitations is tolled until a plaintiff discovers that a particular
25 defendant's conduct caused the injury.(*Pl.'s Opp'n Mem.* p.4.)

26     Section 335.1 provides a two year statute of limitations for actions for assault,
27 battery, or injury to, or for the death of, an individual caused by the wrongful neglect
28 of another.  This includes products liability cases. See Cal. Civ. P. Code § 335.1; Pooshs

1  v. Altria Group, Inc., 331 F.Supp 2d 1089,1092 (N.D. Cal. 2004).  The statute of
2  limitations begins when a plaintiff discovers or through the use of reasonable diligence
3  should have discovered that a particular defendant's conduct caused the injury.  Jolly
4  v. Eli Lilly & Co., 44 Cal.3d 1103, 1110–11 (Cal. 1998).

5      According to the SAC, Gilbert began experiencing hip pain in May 2005, and was
6  diagnosed with AVN in October of that same year.  Gilbert does not allege when he
7  suspected a link between the Prednisone and the AVN.  Further, there is nothing in the
8  SAC or Defendants' motions remotely suggesting when Gilbert should have suspected
9  his use of Prednisone caused his hip injury.  And in deciding a motion to dismiss, the
10 Court must draw all inferences in the light most favorable to the non-moving party.
11 Gompper, 298 F.3d at 895.  Accordingly, the Court finds that based on the allegations
12 in the SAC, Gilbert's claims are not time barred.[1]

14      **B.    The SAC States a Claim For Breach of Warranties**

15      Defendants contend that privity of contract is a prerequisite in California for
16 recovery on a breach of warranty claim, and that no such privity was present between
17 Defendants and Gilbert.(*Defs.'Supp. Mems.* p.8.)  Gilbert argues that no evidence has
18 been presented as to whether privity was present between the parties, and that dismissal
19 is therefore improper.

20      Under the motion to dismiss standard, the Court must assume the truth of all the
21 factual allegations in the complaint.  Gompper, 298 F.3d at 895.  Here, Gilbert alleges
22 that Defendants were "in the business of formulating, manufacturing, *selling, and*
23 *distributing* the prescription drug Prednisone."  (*SAC* ¶9, emphasis added.)  Although
24 Gilbert alleges that he was prescribed Prednisone by his physician, nothing in the

---

[1] Because none of Gilbert's complaints establish when he became aware of the link between his use of Prednisone and the AVN, the Court need not address the relation-back issue.

1  complaint affirmatively shows that he did not receive the drug directly from Defendants.
2  Accordingly, Gilbert has properly stated a claim for breach of warranties.

### C. The SAC States a Claim for Strict Products Liability

Defendants contend that strict liability for a design defect does not exist for prescription drugs, and that the duty to warn runs only the doctor, not the patient, thus precluding Gilbert from asserting a claim based on strict liability. (*Defs.' Supp. Mems.* 9.) Gilbert argues that whether adequate warnings were provided is an issue of proof at trial, and that dismissal at this stage is therefore improper. (*Pl.'s Opp'n Mem.* 5.)

A drug manufacturer is not strictly liable for injuries caused by a prescription drug so long as the drug was properly prepared and accompanied by warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution. Brown v. Superior Court of the City and County of San Francisco, 44 Cal.3d 1049, 1069 (Cal. 1988).

Here, Gilbert has alleged that Prednisone was not properly prepared and was not accompanied by warnings of its dangerous side-effects, mainly, causing AVN. Gilbert has further alleged that Defendants were aware Prednisone causes bone loss and bone disease, and that Defendants purposely concealed this information. Accordingly, Gilbert has met his pleading burden.

Further, Defendants do not cite any law to show that Gilbert must allege, as an element of his claim, that Defendants failed to warn Gilbert's physicians of the harmful side-effects of Prednisone. At this early stage in the litigation, the Court must make all reasonable inferences in the light most favorable to the non-moving party. Gompper, 298 F.3d at 895. Here, it is reasonable to infer from the complaint that if Gilbert was not adequately warned about the side-effects of Prednisone, neither were his physicians. Accordingly, the Court **DENIES** Defendants' motions to dismiss.

IV. **CONCLUSION AND ORDER**

In light of the foregoing, the Court **DENIES** Watson's motion to dismiss (Doc. No. 15.) and **DENIES** Qualitest's motion to dismiss. (Doc. No. 19.)

**IT IS SO ORDERED.**

DATED: October 9, 2008

Hon. Thomas J. Whelan
United States District Judge